STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**June 12, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **D.A. III, D.A., A.A., and C.W.**

**No. 19-0137** (Kanawha County 17-JA-542, 17-JA-543, 17-JA-544, and 17-JA-545)

**MEMORANDUM DECISION**

Petitioner Mother A.W., by counsel Sandra Bullman, appeals the Circuit Court of Kanawha County's January 4, 2019, order terminating her parental rights to D.A. III, D.A., A.A., and C.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, J. Rudy Martin, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without granting her additional time to participate in services and failing to impose a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2017, the DHHR filed an abuse and neglect petition that alleged that C.W. was diagnosed with failure to thrive. The petition further alleged that petitioner admitted to methamphetamine use. Accordingly, the DHHR alleged that petitioner abused and/or neglected all of the children. Thereafter, petitioner waived her right to a preliminary hearing. That same month, the circuit court ordered petitioner to submit to random drug screens and set visitation with C.W. at the child's nonabusing father's discretion. The circuit court also ordered petitioner to undergo a substance abuse evaluation, individualized parenting services, and adult life skills education.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

At an adjudicatory hearing in February of 2018, petitioner stipulated to substance abuse that impaired her ability to parent the children. The DHHR recommended a post-adjudicatory improvement period with terms that included parenting education, adult life skills services, random drug screens, a parental fitness evaluation with all recommended services, and supervised visits with the children.

In November of 2018, the circuit court held a dispositional hearing. Petitioner was not present, but was represented by counsel. According to the DHHR's evidence, petitioner was not compliant with the terms and conditions of her improvement period. Specifically, she tested positive for methamphetamine twice during its pendency and, at other times, failed to submit to drug screens as required. The DHHR also indicated that it took service providers "seven weeks to track [petitioner] down" to conduct her initial intake. According to the evidence, petitioner was difficult to contact during the proceedings due to the fact that her "phone number [was] constantly changing, along with her address." Although she was compliant with services at one point, the record shows that petitioner was not compliant for the two months preceding disposition. In fact, at the time the DHHR filed a court summary shortly before the dispositional hearing, petitioner's whereabouts were unknown. The DHHR attempted to grant petitioner overnight visitation with the children, but petitioner failed to provide "a location to verify for the overnight visits." Further, according to a report submitted by her service provider in November of 2018, petitioner "refused to participate in a drug treatment program." Ultimately, the circuit court terminated petitioner's parental rights.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that she should have been entitled to additional time to comply with services because of her earlier compliance and the fact that, due to the father's participation

---

[2]According to the guardian, the father of D.A. III, D.A., and A.A. retains his parental rights but has consented to the children's placement in a legal guardianship with the paternal grandmother. C.W. has been placed in the home of his nonabusing father.

2

in an improvement period, permanency for the children would not have been delayed. We note, however, that petitioner fails to address the applicable burden to obtain an improvement period, and find that the evidence shows petitioner could not satisfy this burden.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); syl. pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the parent/respondent to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period.'" *In re: Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004). Moreover, because petitioner was previously granted a post-adjudicatory improvement period, West Virginia Code § 49-4-610(3)(D) required her to "demonstrate[] . . . [she had] experienced a substantial change in circumstances. . . [and that] due to that change in circumstances, [she was] likely to fully participate in the improvement period." Not only has petitioner cited no evidence to show that she was likely to fully participate in an additional improvement period, the record shows that the only change in petitioner's circumstances was a negative one based on her relapsed methamphetamine usage, failure to inform the DHHR of her whereabouts for an extended period, and general noncompliance with services for the two months prior to the dispositional hearing. As such, it is clear that the circuit court did not err in denying petitioner an additional improvement period.

Further, the record is clear that the circuit court did not err in terminating petitioner's parental rights. On appeal, petitioner argues that disposition under West Virginia Code § 49-4-604(b)(5)[3] would have been appropriate, given that C.W. was placed with his nonabusing father and the remaining children were placed with their grandparents. Petitioner fails to acknowledge, however, that the circuit court specifically found that there was no reasonable likelihood petitioner could correct the conditions of abuse in the near future and that termination of her parental rights was necessary for the children's welfare. According to West Virginia Code § 49-4-604(b)(6), circuit courts may terminate parental rights upon these findings.

Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

---

[3]West Virginia Code § 49-4-604(b)(5) permits circuit courts to "commit the child[ren] temporarily to the care, custody, and control of the state department, a licensed private child welfare agency, or a suitable person who may be appointed guardian by the court."

While it is true that petitioner was compliant with services for a short period, the record shows that, for two months prior to the dispositional hearing, petitioner was noncompliant with services, relapsed into methamphetamine usage, and was generally unavailable for DHHR assistance or participation in the proceedings. Indeed, petitioner missed both the multidisciplinary team meeting where termination of her parental rights was suggested and then failed to appear for the dispositional hearing. As such, it is clear that petitioner failed to follow through with the reasonable family case plan, despite the granting of a post-adjudicatory improvement period and the implementation of multiple services.

In addition to the fact that West Virginia Code § 49-4-604(b)(6) permits a circuit court to terminate parental rights upon these findings, this Court has held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Given that petitioner failed to follow through with the reasonable family case plan, it is clear that she was not entitled to a less-restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 4, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 12, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4